UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:08-CR-00015-TBR-LLK
(CIVIL ACTION NO. 5:13-CV-00187-TBR-LLK)

UNITED STATES OF AMERICA                                           Respondent/Plaintiff

v.

KEITH TAYLOR                                                        Movant/Defendant

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Movant/Defendant Keith Taylor's Motion to Alter or Amend Judgment. (Docket No. 82.) The United States has responded in opposition. (Docket No. 83.) For the reasons that follow, Taylor's Motion will be DENIED.

By way of background, the Court previously referred Taylor's Motion pursuant to 28 U.S.C. § 2255, (Docket No. 61), to the United States Magistrate Judge for his findings of fact and recommendation, (Docket No. 62). The Magistrate Judge entered his Report and Recommendation on March 28, 2014, recommending that Taylor's § 2255 Motion be denied. (Docket No. 74.) The Court granted Taylor an extension of time to file his Objections, (Docket No. 78), and, in accordance with that extension, Taylor timely filed his Objections to the Magistrate Judge's Report and Recommendation on May 21, 2014. (Docket No. 79.) Upon conducting a *de novo* review of the Magistrate Judge's Report and Recommendation in light of Taylor's Objections thereto, on May 29, 2014, the Court entered an Order and separate

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:08-CR-00015-TBR-LLK
(CIVIL ACTION NO. 5:13-CV-00187-TBR-LLK)

UNITED STATES OF AMERICA                                           Respondent/Plaintiff

v.

KEITH TAYLOR                                                        Movant/Defendant

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Movant/Defendant Keith Taylor's Motion to Alter or Amend Judgment. (Docket No. 82.) The United States has responded in opposition. (Docket No. 83.) For the reasons that follow, Taylor's Motion will be DENIED.

By way of background, the Court previously referred Taylor's Motion pursuant to 28 U.S.C. § 2255, (Docket No. 61), to the United States Magistrate Judge for his findings of fact and recommendation, (Docket No. 62). The Magistrate Judge entered his Report and Recommendation on March 28, 2014, recommending that Taylor's § 2255 Motion be denied. (Docket No. 74.) The Court granted Taylor an extension of time to file his Objections, (Docket No. 78), and, in accordance with that extension, Taylor timely filed his Objections to the Magistrate Judge's Report and Recommendation on May 21, 2014. (Docket No. 79.) Upon conducting a *de novo* review of the Magistrate Judge's Report and Recommendation in light of Taylor's Objections thereto, on May 29, 2014, the Court entered an Order and separate

Judgment adopting the Magistrate Judge's Report and Recommendation, overruling Taylor's Objections, and denying Taylor's § 2255 Motion. (Docket Nos. 80 & 81.)

Taylor now moves the Court, pursuant to Fed. R. Civ. P. 59(e), to alter or amend its Judgment denying his § 2255 Motion. The Sixth Circuit and its lower courts have consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *see Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues," *Derby City Capital, LLC v. Trinity HR Servs.*, 949 F. Supp. 2d 712, 746 (W.D. Ky. 2013) (quoting *White v. Hitachi, Ltd.*, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008)). "It is not the function of a motion to reconsider arguments already considered and rejected by the court." *Id.* (citing *White*, 2008 WL 782565, at *1). As this Court has recognized on numerous occasions, "Where a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit." *E.g.*, *id.* (citation omitted). Accordingly, the Sixth Circuit instructs that a motion for reconsideration should only be granted on four grounds: "Under Rule 59, a court may alter or amend a judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Furthermore, because there is an interest in the finality of a decision, this Court and other district courts have held that "such motions are extraordinary and

sparingly granted." *Derby City Capital*, 949 F. Supp. 2d at 747 (alteration omitted) (quoting *Marshall v. Johnson*, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007)); *see also Encompass Indem. Co. v. Halfhill*, 2014 WL 1343392, at *2 (W.D. Ky. Apr. 3, 2014); *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)); *Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

Taylor's Motion does not warrant relief under Rule 59. The arguments presented in Taylor's instant Motion are the same arguments he presented in his § 2255 Motion and in his Objections to the Magistrate Judge's Report and Recommendation. As such, he merely renews and rehashes arguments that the Court already has considered and rejected on several occasions. As noted above, "[w]here a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit," *Derby City Capital*, 949 F. Supp. 2d at 746, and, under the well-settled law of this Circuit, a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *e.g.*, *Whitehead*, 301 F. App'x at 489; *Engler*, 146 F.3d at 374, or otherwise to "merely restyle or rehash the initial issues," *Derby City Capital*, 949 F. Supp. 2d at 746. Quite simply, "[i]t is not the function of a motion to reconsider arguments already considered and rejected by the court." *Id.* (citation omitted). Accordingly, the Court finds no basis to grant Taylor the relief he presently seeks.

CONCLUSION

Therefore, having considered Taylor's Motion and the United States' Response, and being otherwise sufficiently advised;

IT IS HEREBY ORDERED that Movant/Defendant Keith Taylor's Motion to Alter or Amend Judgment, (Docket No. 82), is DENIED.

IT IS SO ORDERED.

Date:

cc: Counsel